# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| LEVI JEROME MARSHALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-089 |
| | ) | |
| WILLIAM DANFORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Levi Jerome Marshall has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case.  Doc. 1; *see also Marshall v. State*, 774 S.E.2d 675 (Ga. 2015). Specifically, he challenges that his trial counsel was ineffective for failing to challenge an allegedly defective indictment, and that his conviction violated the Fifth Amendment's Double Jeopardy clause.  Doc. 1 at 5-8. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition is subject to dismissal.  He has

also requested to pursue this case *in forma pauperis*. Doc. 2. That request is **GRANTED** for jurisdictional purposes only.[1]

It appears that Marshall's state collateral challenges to his conviction are still pending. He expressly alleges that his appeal of the denial of his state habeas petition is still "pending." *See, e.g.*, doc. 1 at 6, 12. Before seeking § 2254 relief, however, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (concluding habeas petitioner "has failed to exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition."). Exhaustion does not require a petitioner to seek collateral review in the state courts of issues raised on direct appeal. *See, e.g.*,

---

[1] Marshall's request to proceed *in forma pauperis* is plainly insufficient, as he has not provided any of the substantive information required by the form motion. *See* doc. 2. The Court might require him to supplement his request to provide the necessary information. Since, as discussed below, his petition should be dismissed, the issue is moot. *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).

*Gilbert v. Georgia*, 2021 WL 6205823, at *2 (S.D. Ga. Dec. 6, 2021) (citing *Powell v. Allen*, 602 F.3d 1263, 1269 (11th Cir. 2010); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982)).  Marshall's petition is clear that he did not raise either of the grounds asserted in his direct appeal.  *Compare* doc. 1 at 2 *with id.* at 5-7.

A state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition.  *See* 28 U.S.C. § 2254(b), (c); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").  Marshall, by his own admission, has yet to do that.  *See, e.g., Madison v. Laughlin,* 2021 WL 3856456, at *1-2 (S.D. Ga. Aug. 30, 2021) (dismissing § 2254 petition on exhaustion grounds because of pending state habeas petition); *Powell v. Williams*, 2013 WL 1890594, at *2 (S.D. Ga. Mar. 27, 2013), *adopted* 2013 WL 1890619 (S.D. Ga. May 6, 2013) (dismissing § 2554 petition on exhaustion grounds based on unresolved motion for a new trial); *see also Martinez v. Dozier*, 2018 WL 11229154, at *1 (N.D. Ga. Apr. 12, 2018) ("Petitioner has not exhausted his available state remedies because his

state habeas action has not concluded given the pending appeal in that case."). He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes awaiting a response from the Georgia Supreme Court.

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED without prejudice** for lack of exhaustion.[2] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

[2] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). To the extent that Marshall contends that he has exhausted his state remedies, or that a stay is warranted, he is free to submit an Amended Petition during the fourteen-day objection period, discussed below.

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

    **SO REPORTED AND RECOMMENDED,** this 13th day of April,

2022.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia