IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LEVI JEROME MARSHALL, JR.<br><br>Petitioner,<br><br>v.<br><br>WARDEN WILLIAM DANFORTH,<br><br>Respondent. | CIVIL ACTION NO.: 4:22-cv-89 |

**O R D E R**

The Magistrate Judge recommended that pro se petitioner Levi Jerome Marshall, Jr.'s petition, pursuant to 28 U.S.C. § 2254, be dismissed because Marshall has failed to exhaust his state remedies. (See doc. 6, p. 4.) Marshall has filed an Objection, which concedes that his state habeas proceeding remains pending before the Georgia Supreme Court. (See doc. 7, p. 1 ("I the Petitioner Levi Jerome Marshall Jr., has [sic] state collateral challenges to this conviction still pending in the Georgia Supreme Court.").) Because the Magistrate Judge correctly explained that "[a] state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition[,]" (doc. 6, p. 3), and given Marshall's concession that he has failed to exhaust his state remedies, the Court **ADOPTS** the Report and Recommendation, (doc. 6), as the opinion of the Court and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, (doc. 1). Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving

*sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3).

Despite its caption, Marshall's objection is not substantially concerned with addressing the Magistrate Judge's recommendation. (See generally doc. 7.) Instead, it largely seeks "removal of civil action under Title 28 U.S.C. § 1443(1) and (2) . . . ." (Id., p. 1.) He contends that removal, presumably of his state habeas proceeding, is appropriate because the state habeas judgment that he is currently appealing "is contrary to and an unreasonable application of clearly established federal law." (Id. at 2.) To the extent that Marshall is attempting to remove his state habeas proceeding, he may not do so by filing an objection to the Magistrate Judge's otherwise accurate Report and Recommendation. Moreover, Marshall "as the petitioner in the state court proceeding, ha[s] no power to remove his own case. Removal is available only to defendants." Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986) (citing 28 U.S.C. §§ 1441(c), 1442, 1443, 1446(c); In re Walker, 375 F.2d 678 (9th Cir. 1967)); see also Walling v. State, 172 F.3d 880 (10th Cir. 1999) (affirming dismissal of a pro se prisoner's attempt "to remove his state action [appealing denial of post-conviction relief] to federal court" as "legally frivolous"); Garvin v. South Carolina, 2017 WL 2821819, at *3 (D.S.C. June 30, 2017) (finding "removal petition" pursuant to § 1443 "incurably deficient" because "the statute allows a *defendant* to remove certain cases to federal district court, however, the statute does not allow a *plaintiff* to do so," and the convicted party "is now the 'Plaintiff'' in his civil action for post-conviction relief."). To the extent that Marshall intended his Objection to serve as a notice of removal, it is **DISMISSED** as frivolous. 28 U.S.C.

§ 1915(e)(2)(B)(ii).  His Motion seeking leave to proceed *in forma pauperis* is **DISMISSED** as moot.  (Doc. 10.)  The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 12th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA